UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC RASNAKE, | : | Case No. 3:12-cv-36 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**ORDER THAT: (1) THE ALJ'S NON-DISABILITY FINDING IS FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE IS CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding the Plaintiff "not disabled" and therefore unentitled to Supplemental Security Income. (*See* Administrative Transcript ("Tr.") (Tr. 23) (ALJ's decision)).

## I. BACKGROUND

Plaintiff Eric Rasnake seeks judicial review of the Social Security Administration's unfavorable final decision denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Mr. Rasnake applied for SSI in June 2008, and alleged that he became unable to work that same month because of knee crepitus, a heart condition, high blood pressure, lower back pain, a steel rod in his right leg, and memory and concentration issues, having been violently assaulted in September 2006. (Tr. 139-41, 154-55 ). His claim was denied initially and on reconsideration. (Tr. 86-87).

Mr. Rasnake requested a hearing, and in May 2010, Administrative Law Judge Carol Bowen ("ALJ Bowen") held a hearing on his claim. (Tr. 31-67). Mr. Rasnake and a vocational expert testified, with Mr. Rasnake's attorney in attendance. (Tr. 31-67). ALJ Bowen rendered her decision in September 2010, finding that Mr. Rasnake, despite multiple severe mental and physical impairments, had the residual functional capacity ("RFC") to perform a restricted range of medium, unskilled work, encompassing a significant number of jobs in the regional and national economies. (Tr. 5-23).

ALJ Bowen's decision became final and appealable in December 2011, when the Appeals Council denied Mr. Rasnake's Request for Review. (Tr. 1-3). Mr. Rasnake now seeks judicial review pursuant to section 205(g) of the Act. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3).

Mr. Rasnake was forty-one years old at the time of the administrative hearing, and when ALJ Bowen issued her decision. (Tr. 5, 30, 139). He had earned a GED and had worked in construction from 1988 until 2001. (Tr. 155, 159).

The ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant has not engaged in substantial gainful activity since June 16, 2008, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: history of right ankle fracture; adjustment disorder; anxiety disorder; and alcohol dependence (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that he cannot climb ladders, ropes or scaffolds; he can only occasionally operate foot controls on the right; and he can tolerate no work around hazardous moving machinery or unprotected heights.  He can perform no more than simple, routine, and repetitive tasks in a static work setting that does not require a production-rate pace or strict time standards.  He is limited to superficial interaction with the public and co-workers and to work with only occasional supervision (defined as no "over the shoulder" supervision).

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on July 4, 1969 and was 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 16, 2008, the date the application was filed (20 CFR 416.920(g)).

(Tr. 10-23).

In sum, the ALJ concluded that Plaintiff has not been under a disability as defined by the Social Security Regulations since he filed his application and is therefore not entitled to SSI. (Tr. 23).

On appeal, Plaintiff does not appear to allege any actual errors or inadequate or unreasonable findings by ALJ Bowen, but instead simply submitted his own description of the alleged attack in September of 2006 along with related police and medical records. (Doc. 13). However, whether or not Plaintiff was attacked and the details of the incident were not issues before ALJ Bowen and are not relevant to this appeal. To focus on what is relevant, the Court states below the standard of review generally.

## II.   STANDARD OF REVIEW

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> "The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm."

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, he must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

### III.  ANALYSIS

The record reflects the following:

Plaintiff testified that he is unable to work due to crepitus of the knees,[1] lower back pain, a steel rod in his right leg, carpal tunnel symptoms in his dominant hand, a heart condition, including hypertension and shortness of breath, headaches, memory problems, and depression, most of which arise out of an assault of Plaintiff in September 2006, which has caused, among other things, nightmares, ugly memories triggered by the

---

[1] Crepitus is a peculiar crackling, crinkly, or grating feeling or sound under the skin, around the lungs, or in the joints. Crepitus in a joint can indicate cartilage wear in the joint space. Available at http://www.medterms.com/script/main/art.asp?articlekey=12061.

smell of cologne, and hallucinations, and post-traumatic stress disorder. (Tr. 154-55, 161, 173, 184).

In September 2008, Plaintiff was evaluated by consulting psychologist Mark Hammerly, Ph.D. (Tr. 190-99). Dr. Hammerly diagnosed anxiety disorder and adjustment disorder with depressed mood, and opined that Plaintiff was moderately limited in his ability to relate to others, including co-workers and supervisors; was not impaired in his ability to understand, remember, and follow instructions; was not impaired in his ability to maintain attention, concentration, persistence, and pace to perform simple, repetitive tasks; and was moderately impaired in his ability to withstand the stress and pressures associated with day-to-day work activity. (Tr. 197-98).

Later in September 2008, state agency psychologist Kirsten Haskins, Psy.D., reviewed the file and assessed that Plaintiff was "capable of simple and moderately complex tasks in a static setting where he needs to only superficially relate" and "where he can work independently without much direct contact with the public and no supervising, dealing with complaints or over the shoulder supervision. Would do best without strict time or production requirements." (Tr. 218).

In October 2008, Plaintiff was examined by consulting physician William Padamadan, M.D. (Tr. 221-27). Dr. Padamadan diagnosed hypertension, history of sleep disorder, history of depression, and a right leg tibia fracture in September 2006. (Tr. 223). He opined that "[b]ased upon this clinical evaluation and in the absence of

-6-

objective findings of any functional impairment, I do not see any indication for limitation of physical activities . . . . The use of [a] cane is not obligatory or needed." (Tr. 223).

In November 2008, state agency physician Jerry McCloud, M.D., reviewed the file and assessed that Plaintiff's physical impairments were not severe. (Tr. 228).

In April 2009, state agency physician Esberdado Villanueva, M.D., reviewed the file and affirmed Dr. McCloud's November 2008 assessment that Plaintiff's physical impairments were not severe. (Tr. 230, citing Tr. 228).

Also in April 2009, state agency psychologist Robyn Hoffman, Ph.D., reviewed the file and affirmed state agency psychologist Dr. Haskins's assessment that Plaintiff could perform a restricted range of unskilled work. (Tr. 229, citing Tr. 218).

In July 2010, one of Plaintiff's treating physicians, Louis Heckman, M.D., an internist, submitted an opinion regarding Mr. Rasnake's physical and mental limitations. (Tr. 360-71). With regard to physical limitations, Dr. Heckman opined, among other things, that Mr. Rasnake could sit for about two hours total in an eight-hour work day; could stand/walk less than two hours total in an eight-hour work day; could not lift even ten pounds frequently; and was likely to miss work more than four days per month. (Tr. 364- 65). Regarding mental limitations, Dr. Heckman stated that Mr. Rasnake's "lack of focus is [an] extreme limitation for any job," and opined that among 16 mental abilities and aptitudes necessary for unskilled work, Mr. Rasnake was "unable to meet competitive

standards" in eleven of them. (Tr. 366, 368). Dr. Heckman also ultimately opined that Mr. Rasnake does not "ha[ve] any capacity to work." (Tr. 371).

ALJ Bowen asked a vocational expert at the administrative hearing what jobs were available for a person of Mr. Rasnake's age, education, and work experience, who was limited to unskilled, medium-level work, with the following additional limitations: cannot climb ladders, ropes, or scaffolds; can only occasionally operate foot controls on the right; no work around hazardous moving machinery or unprotected heights; no complex written instructions; no more than simple, routine, and repetitive tasks in a static work setting that does not require a production-rate pace or strict time standards; and superficial interaction with the public and coworkers, with only occasional supervision. (Tr. 62-64). The vocational expert testified that a number of jobs could accommodate these limitations, including warehouse worker and packager, machine tender, mail clerk, and laundry folder jobs. (Tr. 63). ALJ Bowen also asked the vocational expert whether his testimony was consistent with the *Dictionary of Occupational Titles*, and he confirmed that it was. (Tr. 64).

As previously noted, Plaintiff does not allege any actual errors or inadequate or unreasonable findings by ALJ Bowen. (Doc. 13). Plaintiff does not contend that ALJ Bowen overlooked or minimized any evidence regarding the incident that he details in his Statement of Errors. (*Id.*) In any event, ALJ Bowen's decision is sound and supported by substantial evidence.

In finding that Plaintiff could perform a restricted range of medium, unskilled work, comprising a significant number of jobs, ALJ Bowen thoroughly reviewed the evidence, took relevant testimony from Plaintiff, and elicited the opinion of a qualified vocational expert who provided substantial evidence of a significant number of jobs available for a person with Plaintiff's education, experience, and RFC. (Tr. 10-23).

Credibility determinations regarding a claimant's subjective complaints rest with the ALJ and discounting credibility is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence. *Siterlet* v. *Sec'y of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *Walters* v. *Comm'r of Soc. Sec.*, 127 F3d. 532 (6th Cir. 1997). ALJ Bowen weighed the credibility of Mr. Rasnake's statements about his impairments, and in fact gave Mr. Rasnake "the benefit of the doubt in limiting him to a reduced range of medium work," despite articulating multiple compelling reasons to question his overall credibility. (Tr. 15-19). Unlike the state agency physicians, ALJ Bowen found that Plaintiff had several severe physical impairments, and with regard to mental impairments she essentially adopted those found by the consulting and state agency psychologists. (Tr. 19; Tr. 21, citing Tr. 190-99, 218, 229).

One of Plaintiff's treating physicians, Dr. Heckman, found much greater physical and mental limitations than the other medical sources, but ALJ Bowen articulated several valid reasons for discounting this opinion. She explained that, as an internist, Dr.

-9-

Heckman was not qualified to proffer an assessment of Mr. Rasnake's mental functioning, that both his physical and mental limitation conclusions lacked objective support, that his extreme limitations were belied not only by the record as a whole, but also by the actual physical and mental findings and observations contained in his own treatment records, and that he appeared to "rel[y] quite heavily on the subjective report of symptoms and limitations provided by [Plaintiff] and seemed to uncritically accept as true most, if not all, of what [Plaintiff] reported." (Tr. 19-21, citing Tr. 360-71).

In sum, ALJ Bowen did not ignore key evidence or unfairly minimize Mr. Rasnake's limitations, and, instead, there was substantial evidentiary support for her findings that Mr. Rasnake could perform a restricted range of unskilled, medium-level work, encompassing a significant number of jobs.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's statement of errors is unavailing.  The ALJ's decision is supported by substantial evidence and is affirmed.

**IT IS THEREFORE ORDERED THAT** the decision of the Commissioner, that Eric Rasnake is not entitled to supplemental security income is found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case is **CLOSED.**

Date:  1/7/13                                             *s/ Timothy S. Black*
                                                                    Timothy S. Black
                                                                    United States District Judge